**ROCKY FORK HUNT & COUNTRY CLUB, Appellee,**

v.

**TESTA, Auditor, Appellant.**

[Cite as *Rocky Fork Hunt & Country Club v. Testa* (1997), 120 Ohio App.3d 442.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE02–181.

Decided July 10, 1997.

*Porter, Wright, Morris & Arthur, Dixon F. Miller* and *George M. Hauswirth,* for appellee.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, and *James R. Gorry,* Assistant Prosecuting Attorney, for appellant.

TYACK, Presiding Judge.

Rocky Fork Hunt & Country Club ("Rocky Fork") submitted an application, pursuant to R.C. 5713.31, to Franklin County Auditor, Joseph W. Testa, requesting current agricultural use value ("CAUV") status for certain acreage known as Parcel 19. The application pertained to tax year 1992. The auditor denied the application, indicating that Parcel 19 was not devoted exclusively to commercial agricultural use. Rocky Fork appealed the denial to the Franklin County Board of Revision ("board"), which determined that the land had been converted to nonagricultural use and affirmed the auditor's denial. On appeal to the Franklin County Court of Common Pleas, the board's decision was affirmed. This court affirmed the trial court's decision as to one hundred twelve acres of woodland located on Parcel 19 in *Rocky Fork Hunt & Country Club v. Testa* (1995), 100 Ohio App.3d 570, 654 N.E.2d 429 ("*Rocky Fork I* ").

While the above litigation was pending, Rocky Fork continued to submit annual CAUV renewal applications, pursuant to R.C. 5713.31, for the same land for tax years 1993, 1994, and 1995. The auditor held these applications and subsequently denied them after our decision in *Rocky Fork I.* However, instead of employing the administrative appeal process as it had done in *Rocky Fork I,* Rocky Fork

filed a complaint in the Franklin County Court of Common Pleas on December 22, 1995. It is this action that is the subject of the present appeal.

In its complaint, Rocky Fork sought declaratory judgment as to the proper interpretation of the word "timber" as used in R.C. 5713.30(A)(1). In addition, Rocky Fork sought an order that the auditor could not lawfully deny Rocky Fork CAUV status for the one-hundred-twelve-acre woodland portion of Parcel 19 on grounds such land was not "timber" and an order requiring the auditor grant such land CAUV status for tax years 1993, 1994 and 1995.

The auditor filed an answer, asserting failure to exhaust administrative remedies as an affirmative defense. The auditor also filed a motion to dismiss, asserting in part that a declaratory judgment could not be used as a substitute for a statutory appeal. On April 2, 1996, the trial court denied the auditor's motion.

On September 23, 1996 and October 8, 1996, Rocky Fork filed a motion for summary judgment and a supplemental motion for summary judgment, respectively. On December 4, 1996, the trial court rendered a decision, granting Rocky Fork's motion for summary judgment. The auditor filed a motion for reconsideration; however, on January 9, 1997, the trial court filed a journal entry ordering, in part, the auditor to grant Parcel 19 CAUV status for tax years 1993, 1994, and 1995.

The auditor ("appellant") has appealed to this court, assigning two errors for our consideration:

"Assignment of Error No. 1:

"The common pleas court erred in holding that it had jurisdiction under the declaratory judgment act to review the Franklin County Auditor's determination of whether land qualified for a current agricultural use valuation, when R.C. 5713.32 and R.C. 5715.19 require an appeal of that determination to be taken to the Franklin County Board of Revision.

"Assignment of Error No. 2:

"The common pleas court erred in holding that Rocky Fork's 112 acres of woods were entitled to the current agricultural use valuation under R.C. 5713.30, when the woodland was not devoted to the growth of timber."

In its first assignment of error, appellant contends that the declaratory judgment action brought by Rocky Fork ("appellee") cannot be maintained because such action merely works to bypass a special statutory proceeding, and appellee failed to exhaust its administrative remedies. In addition, appellant contends that the trial court had no jurisdiction to reverse its denial of appellee's

CAUV applications. Appellant asserts that appellee should have appealed the denial of the applications to the board pursuant to R.C. 5715.19.

Appellee argues that a declaratory judgment action was available and proper because the issue surrounding whether or not appellee's land should have been granted CAUV status centers on the interpretation of a statute—namely, R.C. 5713.30. Appellee contends that the board's role in these types of cases is primarily fact-finding, and the board is not afforded the judicial function of interpreting statutes. Because there were not questions of fact here, appellee contends that declaratory judgment was the proper mechanism for determining the correct interpretation of the statute.

We note first that, contrary to appellee's assertions, the board is a quasi-judicial body. *Snavely v. Erie Cty. Bd. of Revision* (1997), 78 Ohio St.3d 500, 502, 678 N.E.2d 1373, 1375, quoting *Swetland Co. v. Evatt* (1941), 139 Ohio St. 6, 21 O.O. 511, 37 N.E.2d 601, paragraph nine of the syllabus. Indeed, the board is a deciding tribunal wherein the parties may be given the opportunity to present evidence, question and cross-examine witnesses, and make legal arguments in support of their positions. *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 482, 678 N.E.2d 932, 935, citing *R.R.Z. Assoc. v. Cuyahoga Cty. Bd. of Revision* (1988), 38 Ohio St.3d 198, 200, 527 N.E.2d 874, 876–877. Thus, the board is not precluded from interpreting the applicable statutes.

The question we must answer is whether a declaratory judgment action was proper in this case. Three elements are necessary to obtain declaratory judgment as an alternate to other remedies: (1) a real controversy must exist between adverse parties; (2) which is justiciable in nature; and (3) speedy relief is necessary to the preservation of rights that may otherwise be impaired or lost. *Fairview Gen. Hosp. v. Fletcher* (1992), 63 Ohio St.3d 146, 148–149, 586 N.E.2d 80, 82–83.

In *Fairview,* the Supreme Court stated that declaratory relief in a certificate of need ("CON") case was unnecessary to preserve the hospital's rights because the applicable statutes provided the hospital with an adequate legal remedy. *Id.* at 149, 586 N.E.2d at 82–83. That remedy was in the form of an administrative appeal to the CON review board as provided for by statute. Here, the legislature has provided taxpayers with an administrative review process as well.

Specifically, R.C. 5715.19(A)(1)(b) authorizes complaints against decisions of the county auditor to be filed with the auditor. See, also, R.C. 5713.32. The county auditor then presents the complaints to the board and under R.C. 5715.19(C), the board hears the complaint and renders a decision. Pursuant to R.C. 5717.01,

5717.03, 5717.04 and 5717.05, appeals may be taken from the board to the Board of Tax Appeals and from there, to either the Supreme Court or the appropriate court of appeals, or from the board to the appropriate court of common pleas, with appeals on questions of law as in other cases. As indicated above, however, appellee chose not to pursue the above administrative appeals and, instead, filed the present declaratory judgment action.

The issue in *Fairview* was whether exhaustion of administrative remedies was a prerequisite to a declaratory judgment action that requests only a declaration of statutory rights. *Id.*, 63 Ohio St.3d at 150, 586 N.E.2d at 80. The Supreme Court cited *Schomaeker v. First Natl. Bank* (1981), 66 Ohio St.2d 304, 20 O.O.3d 285, 421 N.E.2d 530, paragraph one of the syllabus, wherein it was held that declaratory relief was unavailable absent exhaustion of adequate administrative remedies when neither the invalidity or unconstitutionality of the zoning ordinance at issue was asserted by the plaintiff. *Id.* Because the hospital in *Fairview* had not asserted any constitutional claims, speedy relief in the form of a declaratory judgment was not required to protect the hospital's statutory rights. *Id.*

The principle noted in *Fairview* was that absent a constitutional challenge, declaratory judgment is unnecessary to preserve a plaintiff's statutory right when the legislature has provided a quasijudicial administrative appeal. In the instant case, appellee has not asserted that R.C. 5713.30 or any other statute is invalid or unconstitutional. Rather, appellee merely seeks declaration of its rights under the statute. In addition, appellee sought an order granting its land CAUV status, status that the auditor had previously denied. As in *Fairview*, allowance of declaratory relief in this case has served to circumvent an adverse decision of an administrative entity and bypass a legislative scheme. *Id.*, 63 Ohio St.3d at 152, 586 N.E.2d at 84–85. As held by the Supreme Court in *Fairview*, this is improper, and such an action should be and in *Fairview* was ordered to be dismissed.

Another line of cases discuss exhaustion of administrative remedies and the equally-serviceable-remedy exception. In *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.* (1990), 51 Ohio St.3d 131, 135, 554 N.E.2d 1324, 1328–1329, citing *Schaefer v. First Natl. Bank of Findlay* (1938), 134 Ohio St. 511, 13 O.O. 129, 18 N.E.2d 263, paragraph four of the syllabus, the Supreme Court stated that plaintiffs are not required in all cases to exhaust administrative remedies prior to bringing a declaratory judgment action. However, the court noted that, in general, declaratory relief is not available where another equally serviceable remedy has been provided. *Swander Ditch* at 135, 554 N.E.2d at 1328–1329, citing *Radaszewski v. Keating* (1943), 141 Ohio St. 489, 498, 26 O.O. 75, 78–79, 49 N.E.2d 167, 171.

The court quoted *Burt Realty Corp. v. Columbus* (1970), 21 Ohio St.2d 265, 50 O.O.2d 491, 257 N.E.2d 355, paragraph one of the syllabus:

" 'Where an administrative practice requires a party to incur substantial expense to obtain an administrative determination of a question which, standing alone, would not require such expense, the administrative remedy to determine the question is not equally as serviceable as an action for a declaratory judgment.' " *Swander Ditch* at 135, 554 N.E.2d at 1328.

The court concluded that in that case, declaratory judgment was available as an alternative to an unnecessary onerous administrative remedy. *Id.* In *Swander Ditch,* the administrative remedy would not have resolved all of the issues and would have required separate appeals. *Id.* at 134–135, 554 N.E.2d at 1327–1329. The declaratory judgment action, however, would resolve all the issues in one proceeding and, thus, was an appropriate alternative. *Id.* at 135, 554 N.E.2d at 1328–1329.

In the case at bar, however, the administrative remedy is not unnecessarily onerous. The problem set forth in *Swander Ditch* is not present in this case. The issue involved in appellee's declaratory judgment action is the same issue that would have been decided in an administrative appeal. It is clear that in this case, declaratory judgment is merely a substitute for the administrative appeal process provided by the legislature. Because the administrative process is an equally serviceable remedy, declaratory judgment is not available. See, also, *Haig v. Ohio State Bd. of Edn.* (1992), 62 Ohio St.3d 507, 510–511, 584 N.E.2d 704, 707–708; *Friends of Ferguson v. Ohio Elections Comm.* (1997), 117 Ohio App.3d 332, 690 N.E.2d 601.

Finally, the Supreme Court has also held that an action for declaratory judgment is inappropriate where special statutory proceedings would be bypassed, and a decision granting declaratory judgment in such a situation should be reversed. *State ex rel. Albright v. Delaware Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 40, 42, 572 N.E.2d 1387, 1388–1389. See, also, *Galion v. Am. Fedn. of State, Cty. & Mun. Emp., Ohio Council 8, AFL–CIO, Local 2243* (1995), 71 Ohio St.3d 620, 623, 646 N.E.2d 813, 815–816. As already set forth above, the legislature has provided a special statutory proceeding applicable to this action. R.C. 5713.32; 5715.19(A)(1)(b) and (C); 5717.01; 5717.03 through 5717.05. Hence, declaratory judgment in this case was inappropriate.

■ While we hold that declaratory judgment in the case at bar was inappropriate, we nonetheless recognize that declaratory relief, unlike mandamus, which is extraordinary relief, may be an alternative to a regular, administrative appeal. However, it is improper in this case since appellee failed to exhaust that administrative remedy, because that remedy is adequate, not onerous, and

equally serviceable, and because that remedy constitutes a special statutory proceeding, the bypass of which would serve to circumvent a clear legislative scheme.

We also note that contrary to appellant's assertion, failure to exhaust administrative remedies is not a jurisdictional defect. See *Jones v. Chagrin Falls* (1997), 77 Ohio St.3d 456, 674 N.E.2d 1388, syllabus. Rather, it is an affirmative defense that may be waived if not timely asserted and maintained. *Id.* Here, appellant raised failure to exhaust administrative remedies as an affirmative defense and maintained it through a motion to dismiss, which the trial court denied. For the reasons set forth above, the trial court erred in denying the motion to dismiss and abused its discretion in entertaining the declaratory judgment action. Accordingly, appellant's first assignment of error is sustained, although not because the trial court lacked jurisdiction. The second assignment of error, therefore, is rendered moot.

Having sustained appellant's first assignment of error, the judgment of the Franklin County Court of Common Pleas is reversed. The second assignment of error is rendered moot. This cause is remanded to the trial court with instructions to dismiss the action.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and PETREE, JJ., concur.