OPINION
{¶ 1} Defendants, Michigan Physicians Mutual Liability Insurance Company and Bipin Modi, M.D., appeal from a declaratory judgment rendered by the general division of the court of common pleas. The action for declaratory judgment was commenced by Amanda Comer, who asked the court to find that a settlement agreement between her and these defendants that was executed in 1986 is void for fraud in the factum.
 {¶ 2} The settlement agreement was on a claim for wrongful death arising from the death of Plaintiff Amanda Comer's father, Danny Comer. Amanda Comer was then four years of age. Her alleged consent to the settlement was granted on the agreement and concurrence of her mother, Gail Comer, whose purported signature appeared on the settlement agreement.
 {¶ 3} A decedent's estate proceeding was commenced in the Probate Court of Montgomery County. The settlement agreement was submitted to the Probate Court for its approval. On March 19, 1986, the Probate Court approved the settlement and ordered distribution of the net proceeds among five beneficiaries, including Amanda Comer.
 {¶ 4} In 2000, after she had reached her majority, Amanda Comer commenced the underlying action for declaratory judgment in the general division of the court of common pleas. She asked the court to find that her mother's purported signature that appeared on the settlement agreement was forged, and on that finding to declare the agreement void and release her from any bar it imposed to her further claims for compensation. The defendants in the declaratory judgment action included the insurance company and the physician who are appellants herein, the attorney who negotiated the settlement, other insurers, and the other beneficiaries of Danny Comer's estate. Amanda Comer alleged in an amended complaint that the Probate Court had reopened the Estate of Danny Comer on July 6, 2000.
 {¶ 5} On January 25, 2002, the matter was submitted to the trial court on stipulations of fact. Appellants objected that the question the matter involved was one in which the Probate Court had jurisdiction. (T. 6-9). The trial court didn't rule on that objection. In a decision it found that the signature of Amanda Comer's mother that appeared on the settlement agreement was forged, and that the agreement was therefore void for fraud in the factum. On that basis the court further found that the Probate Court's approval was likewise procured by fraud, and therefore void. The court ordered that the administrator of Danny Comer's estate is authorized to pursue the relief available in law arising from Danny Comer's alleged wrongful death.
 {¶ 6} Defendants Michigan Physician Mutual Insurance Company and Bipin Modi, M.D. filed a timely notice of appeal. They present a single assignment of error. Plaintiff-Appellee has not filed a brief.
 {¶ 7} "The trial court erred when it did not completely dismiss MPLC and Dr. Modi from the underlying litigation."
 {¶ 8} Defendants-Appellants argue that, notwithstanding the fraud which the trial court found, and its resulting decision vacating the settlement agreement, the court should have dismissed them as parties, presumably because they were in no way responsible for the fraud concerned. They also claim the benefit of the settlement agreement that the Probate Court approved in 1986, discharging them from any liability arising from the death of Danny Comer.
 {¶ 9} Appellants have not renewed the jurisdictional objection they made in the trial court; that the court lacked jurisdiction because jurisdiction was in the probate court. The trial court didn't rule on that objection. However, by proceeding to a judgment on the merits, the court implicitly denied the jurisdictional objection.
 {¶ 10} Jurisdictional defects may be raised at any time. Failure to challenge a court's subject matter jurisdiction can't confer subject matter jurisdiction the court lacks. Neither can a stipulation that jurisdiction exists, which presents a question of law the court must analyze independently. The court in this instance may have failed to do that because it viewed the factual stipulations as conclusive of jurisdiction.
 {¶ 11} Because the jurisdictional issue is threshold to the particular error alleged, and in view of Appellee's failure to file a brief, we shall first address the jurisdictional defect that the trial court rejected when the defect was claimed. Had the trial court addressed the question of its jurisdiction that was raised, the trial court should have found that it lacked jurisdiction to grant the declaratory relief requested of it.
 {¶ 12} A decedent's personal representative is authorized to commence a wrongful death action on behalf of the decedent's survivors. R.C. 2125.02(A)(1). The personal representative may, with the approval of the probate court, settle with the defendant the amount to be paid. R.C.2125.02(C)(1). The probate court is authorized to order distribution of the settlement proceeds to the beneficiaries who are entitled to share in the proceeds. R.C. 2125.03(A).
 {¶ 13} The jurisdiction of the courts of common pleas and its divisions is determined by legislative enactment. Article IV, Section4(B), Ohio Constitution. Mattone v. Argentina (1931), 123 Ohio St. 393. The probate court is a division of the court of common pleas. R.C. 2102.45.
 {¶ 14} R.C. 2721.02 provides that "[c]ourts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed." However, where a special statutory method for determining a particular type of case is provided, it cannot be bypassed in favor of a declaratory judgment action. State ex rel. Albright v.Court of Common Pleas of Delaware County (1991), 60 Ohio St.3d 409. That is especially the case where the statutory method is exclusive and the bypass thereof would circumvent a clear legislative scheme for jurisdiction. Grossman v. City of Cleveland Heights (1997),120 Ohio App.3d 435; Rocky Fork Hunt Country Club v. Testa (1997),120 Ohio App.3d 442. Adjudication in a declaratory judgment action of an issue that could be tried in accordance with the statutory scheme would amount to ousting a statutory court of its attached jurisdiction. Laubv. Wills (1943), 72 Ohio App. 496; Staffilino Chevrolet, Inc. v. GenMotors Corp. (1993), 86 Ohio App.3d 247.
 {¶ 15} By enacting R.C. 2125.03(A), the General Assembly conferred exclusive jurisdiction on the probate division of the court of common pleas to approve settlements in actions for wrongful death and to order distribution of the settlement proceeds. That proceeding cannot be bypassed in favor of a declaratory judgment action on the same claim commenced in the general division of the court of common pleas, as this action was.
 {¶ 16} The Probate Court had reopened the estate of Danny Comer when the trial court proceeded to judgment in this declaratory judgment action. Any relief from the Probate Court's 1986 order of approval and distribution was then available through the Probate Court, on a claim of fraud per Civ.R. 60(B)(3). The one-year time limit of that rule bars the relief available under it, which is most likely why this declaratory judgment action was instead commenced in the general division. Even so, that cannot operate to confer jurisdiction on the general division which the General Assembly has conferred on the Probate Court.
 {¶ 17} The trial court was without jurisdiction to grant the relief that it ordered, because exclusive jurisdiction to determine the claim for relief involved is conferred by R.C. 2125.03 on the Probate Court of Montgomery County. The jurisdictional defect was brought to the trial court's attention, but was rejected. We find that the trial court erred when it denied the jurisdictional objection and entered the order from which this appeal was taken. The assignment of error is sustained.
 {¶ 18} Having sustained the error assigned, the judgment of the trial court is reversed as void, and it will be vacated.
BROGAN, J. and WOLFF, J., concur.