**DUBLIN CITY SCHOOL DISTRICT, Appellee,**

**v.**

**FRANKLIN COUNTY BOARD OF REVISION et al., Appellees;**

**Dublin Techmart Limited Partnership, Appellant.**

[Cite as *Dublin City School Dist. v. Franklin Cty. Bd. of Revision* (1992), 79 Ohio App.3d 781.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1507.

Decided May 19, 1992.

*Teaford, Rich, Coffman & Wheeler, Jeffrey A. Rich* and *Karol L. Cassell,* for appellee Dublin City School District.

*Michael Miller,* Prosecuting Attorney, and *James R. Gorry,* Assistant Prosecuting Attorney, for appellees Franklin County Board of Revision and Franklin County Auditor.

*Swedlow & Levine, Gerald H. Swedlow* and *Richard L. Levine,* for appellant.

----

TYACK, Judge.

In July 1987, Dublin Techmart Limited Partnership ("Dublin Techmart") purchased an office complex in Dublin, Ohio for $10,725,000. As a result of the sale, the Dublin City School District filed an action pursuant to R.C. 5715.19(A)(1), asking that the assessment for the tax year 1987 be revised to correspond with the fair market value of the office complex as established by the sale price. In response, Dublin Techmart filed a complaint asserting a lesser value.

The Franklin County Board of Revision issued a decision that the $10,725,-000 figure accurately reflected the fair market value of the office complex. Dublin Techmart appealed this decision to the Ohio Board of Tax Appeals, but withdrew the appeal before a final determination on the merits was issued.

In March 1990, Dublin Techmart filed a complaint for tax year 1989 regarding the valuation of the office complex. Dublin Techmart sought a reduction in fair market value pursuant to R.C. 5715.19(A)(1). The Dublin City School District then filed a complaint pursuant to R.C. 5715.19(B) and a motion to dismiss Dublin Techmart's complaint.

The Franklin County Board of Revision ("the board") did not address the motion to dismiss but proceeded to address the merits of the complaints. The board ultimately issued a decision reducing the fair market value of the property.

The Dublin City School District then appealed to the Ohio Board of Tax Appeals, which ordered the complaint filed by Dublin Techmart to be dismissed and ordered the Franklin County Auditor to restore the valuation of the property to the $10,725,000 figure.

Dublin Techmart has now appealed to this court, assigning two errors for our consideration:

"1. The Board of Tax Appeals erred in granting Appellee Dublin City School District's Motion to Dismiss thereby dismissing Appellant Dublin Techmart Limited Partnership's original Complaint filed in the Franklin Coun-

ty Board of Revision and further ordering that the valuation of the subject property be restored to its original stated sale price of $10,725,000 in that the Board erroneously applied R.C. Section 5715.19 in concluding that Appellant Dublin Techmart Limited Partnership's Complaint in the Board of Revision was barred.

"2. The Board of Tax Appeals erred in granting Appellee Dublin City School District's Motion to Dismiss thereby dismissing Dublin Techmart Limited Partnership's Complaint filed in the Franklin County Board of Revision and further ordering that the valuation of the subject property be restored to its original stated sale price of $10,725,000 in that the Board's application of R.C. Section 5715.19, as applied to the facts of this case, constitutes a retroactive application of the statute, in violation of R.C. Section 1.48 and Article II, Section 28, Ohio Constitution and further violates Dublin Techmart Limited Partnership's right to equal protection and due process of law in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution."

The first assignment of error turns upon our interpretation of R.C. 5715.-19(A), which reads:

"(1) Subject to division (A)(2) of this section, a complaint against any of the following determinations for the current tax year shall be filed with the county auditor on or before the thirty-first day of March of the ensuing tax year:

"(a) Any classification made under section 5713.041 of the Revised Code;

"(b) Any determination made under section 5713.32 or 5713.35 of the Revised Code;

"(c) Any recoupment charge levied under section 5713.35 of the Revised Code;

"(d) The determination of the total valuation or assessment of any parcel that appears on the tax list, except parcels assessed by the tax commissioner pursuant to section 5727.06 of the Revised Code;

"(e) The determination of the total valuation of any parcel that appears on the agricultural land tax list, except parcels assessed by the tax commissioner pursuant to section 5727.06 of the Revised Code.

"Any person owning taxable real property in the county or in a taxing district with territory in the county, the board of county commissioners, the prosecuting attorney or treasurer of the county, the board of township trustees of any township with territory within the county, the board of education of any school district with any territory in the county, or the mayor or legislative authority of any municipal corporation with any territory in the

county may file such a complaint regarding any such determination affecting any real property in the county, except that a person owning taxable real property in another county may file such a complaint only with regard to any such determination affecting real property in the county that is located in the same taxing district as that person's real property is located. The county auditor shall present to the county board of revision all complaints filed with him.

"(2) As used in division (A)(2) of this section, 'interim period' means, for each county, the tax year to which section 5715.24 of the Revised Code applies and each subsequent tax year until the tax year in which that section applies again.

"No person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless the person, board, or officer alleges that the valuation or assessment should be changed due to one or more of the following circumstances that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint:

"(a) The property was sold in an arm's length transaction, as described in section 5713.03 of the Revised Code;

"(b) The property lost value due to some casualty;

"(c) Substantial improvement was added to the property;

"(d) An increase or decrease of at least fifteen per cent in the property's occupancy has had a substantial economic impact on the property."

■ The prohibition against filing a complaint if an entity has filed a complaint against the valuation or assessment in the same interim period became effective on June 24, 1988 as a result of a change in the statute. The apparent purpose of the modification of R.C. 5715.19(A) was to reduce the number of filings, while still allowing new tax valuations in interim years in certain limited circumstances. The Ohio Board of Tax Appeals found that the filing of a complaint by Dublin Techmart in response to the complaint by the Dublin City School District barred a subsequent attempt to have the tax valuation reassessed. Dublin Techmart asserts that filing a complaint in response to a prior complaint should not be considered as "filing a complaint" for purposes of the statutory prohibition. Instead, the phrase "filing a complaint" should only apply to the situation where a review before the local board of tax revision is initiated, not to the responsive documents which are filed in defending an action in which review is sought.

■ The situation presented here is not like the complaint and counterclaim situation commonly encountered in a court. The "countercomplaint" can be little more than an answering document which disagrees with the original complaint. Thus, R.C. 5715.19(B) provides:

" * * * Within thirty days after receiving such notice, a board of education or a property owner may file a complaint in support of or objecting to the amount of alleged overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination stated in a previously filed complaint or objecting to the current valuation. * * * "

Thus, the question becomes whether a property owner or a school board which defends against an earlier action seeking to have the tax valuation modified to its detriment is barred as a result of the earlier defense from seeking affirmative relief from the board for the balance of the interim period, except in the specifically enumerated situations set forth in R.C. 5715.19(A).

We do not believe that the legislature intended to bar a party who defended an action from seeking relief later, but intended to address the situation where a party annually contests the tax valuation with little or no intervening change in the property. To extend the bar on filing a complaint to those who have merely defended an action invites absurd results certainly not intended by the legislature. For instance, a property owner, being aware that his or her real estate has actually been appraised for far less than its fair market value, might file a frivolous complaint alleging that the appraisal is too high. The board of education, limited in its discovery of pertinent facts by the thirty-day response limit, files a complaint in response that merely asserts the appraisal to have been correct. The landowner then dismisses its original frivolous complaint, having protected the artificially low valuation for the balance of the interim period.

Had the legislature intended the result urged by the Dublin City School District, the legislature could have simply indicated that the tax valuation for property could be modified once and only once during the interim, except for the specifically enumerated situations set forth in R.C. 5715.19(A)(2)(a), (b), (c) and (d). The legislature did not do so, but instead placed a limit on the filing of complaints. We construe the legislature's meaning of "file a complaint" to mean "initiate an action with the county board of tax revision" for purposes of the bar of R.C. 5715.19(A). Therefore, we sustain the first assignment of error.

Given our interpretation of R.C. 5715.19(A), the statute is not unconstitutional as to Dublin Techmart. A party who defends against an earlier complaint still can seek affirmative relief from the county board of tax revision and the Ohio Board of Tax Appeals. Under the circumstances, we do

not feel compelled to address the constitutional problems suggested by Dublin Techmart, but acknowledge that potential constitutional infirmities exist if the statute is interpreted in a way other than we have interpreted it above.

The second assignment of error is overruled.

The first assignment of error having been sustained, the decision of the Ohio Board of Tax Appeals entered November 29, 1991 is reversed and this cause is remanded to the Board of Tax Appeals with instructions to address the merits of the appeal by Dublin Techmart Limited Partnership.

*Decision reversed*
*and cause remanded.*

PEGGY BRYANT and DESHLER, JJ., concur.