CITY OF CINCINNATI, APPELLEE, *v.* HAMILTON COUNTY BOARD OF REVISION ET AL.; GRANDIN HOUSE, LTD., APPELLANT; CINCINNATI SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as *Cincinnati v. Hamilton Cty. Bd. of Revision* (1994), 69 Ohio St.3d 301.]

(No. 92–2494—Submitted July 15, 1993—Decided May 18, 1994.)

*Wayne E. Petkovic,* for appellant.

*Kohnen, Patton & Hunt* and *David C. DiMuzio,* for appellee Cincinnati School District Board of Education.

*Fay D. Dupuis,* City Solicitor, and *Dorothy Carman,* Assistant City Solicitor, for appellee the city of Cincinnati.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Thomas J. Sheve,* Assistant Prosecuting Attorney, for appellee Hamilton County Auditor.

*Per Curiam.* The decision of the BTA is affirmed.

In its brief Grandin House argues only that the BTA's decision does not set forth the basis for its determination, in conflict with *Babcock & Wilcox Co. v. Stark Cty. Bd. of Revision* (1992), 65 Ohio St.3d 290, 603 N.E.2d 981. We disagree.

The BTA did analyze the evidence and did set forth the reasons for its decision. The BTA reviewed Levine's evidence and the testimony of the county auditor's appraisers. The BTA found no explanation of how the board of revision had arrived at its valuation and no evidence to support it, but the BTA did focus on the question of "whether any other party established, by sufficient probative and competent evidence, that the value of the property is other than [that] established by the [board of revision]."

The BTA's analysis continued with the correct observation that in the absence of a recent arm's-length sale, the true value in money of the subject property can be calculated by applying any of the three standard methods of appraisal. Levine compared fifteen recent sales he considered analogous to the subject property to develop a grid based on price per square foot, price per unit and gross rent multiplier. He then evaluated the comparables to determine "where on the grid the subject property would fall," and from "these three indicators of value * * * selected a middle figure at $5.5 million [and] added $100,000 for a commercial building which is located on the property."

Moreover, the BTA criticized the county auditor's appraisers because they were "unaware that there were commercial enterprises on the first floor," did not obtain rental information about the separate commercial building, and used an income approach to value that considered only the apartments on the second through ninth floors.

The BTA concluded that where an appellant has produced evidence sufficient to demonstrate that the property's value is different from that determined by the board of revision, "it is incumbent upon the board of revision to rebut" that evidence. The BTA found Levine's evidence "to be the most credible and persuasive," because he "anchored his appraisal with actual marketplace transactions."

Grandin House failed to sustain its burden of proving its right to a reduction in value by competent evidence. *Zindle v. Summit Cty. Bd. of Revision* (1989), 44 Ohio St.3d 202, 203, 542 N.E.2d 650, 651, and *Crow v. Cuyahoga Cty. Bd. of Revision* (1990), 50 Ohio St.3d 55, 552 N.E.2d 892.

The decision of the BTA is neither unreasonable nor unlawful and it is affirmed.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.