[Cite as *Newport Harbor Assn. v. Cuyahoga Cty. Bd. of Revision*, 2012-Ohio-5291.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98193**

# NEWPORT HARBOR ASSOCIATION

PLAINTIFF-APPELLANT

vs.

# CUYAHOGA COUNTY BOARD OF REVISION,     ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-755497

**BEFORE:**    Sweeney, P.J., Cooney, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    November 15, 2012

**ATTORNEYS FOR APPELLANT**

Diane A. Calta
Joseph W. Diemert, Jr.
Joseph W. Diemert, Jr. & Associates
1360 SOM Center Road
Cleveland, Ohio 44124

**ATTORNEYS FOR APPELLEES**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Saundra J. Curtis-Patrick
Assistant County Prosecutor
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

Jennifer A. Antoon
Robert A. Brindza
Susanne M. DeGennaro
Daniel M. McIntyre
David A. Rose
David H. Seed
Brindza, McIntyre & Seed, L.L.P.
1111 Superior Avenue
Suite 1025
Cleveland, Ohio 44114

JAMES J. SWEENEY, P.J.:

{¶1} Plaintiff-appellant Newport Harbor Association ("NHA") appeals the court's affirming the decision of defendant-appellee Cuyahoga County Board of Revision ("the Board"), which denied NHA's complaint to decrease the 2009 tax value of Newport Harbor, a marina located at 33 Shoreby Drive, Bratenahl, Ohio. After reviewing the facts of the case and pertinent law, we affirm.

{¶2} Newport Harbor consists of 117 docks and an 800-925 square foot office building. The harbor is unique, in that all docks are privately owned, and no recent public records exist documenting the sales or transfers from owner to owner.[1] Additionally, there are limited amenities at the property, and all dock owners must be members of the nearby Shoreby Club.

{¶3} For the 2009 tax year, the Cuyahoga County Auditor's office valued the property at $4,830,000. The land was valued at $4,370,200, and the building was valued at $459,800. On January 12, 2010, NHA filed a complaint with the Board alleging that the value of the property should be reduced by 54 percent to $2,608,200. The Board held a hearing on March 2, 2011, and, on April 27, 2011, issued a decision denying NHA's request for a decrease in the 2009 tax year property value.

{¶4} On May 18, 2011, NHA filed an appeal with the Cuyahoga County Court of

---

[1] According to the record, the last recorded deed regarding a transfer of a Newport Harbor dock was in 1996.

Common Pleas pursuant to R.C. 5717.05.  The court held a hearing, as well as reviewed the record from the Board hearing, and on March 13, 2012, issued a decision affirming the Board's denial of a revised valuation.

{¶5}  Newport appeals and raises six assignments of error for our review.

I.

The lower court erred when it found that an owner's opinion of value was not competent credible evidence.

II.

The lower court erred when it based its decision on a finding that certain evidence was hearsay when in fact it was not hearsay and neither the county nor the school board objected to the admission of any testimony or evidence at either the Board of Review level or the lower court level.

III.

The lower court erred when it failed to rely upon the best evidence of actual sales in determining Newport Harbor's market value.

IV.

The lower court erred when it failed to acknowledge the parties' stipulation to a value for the building of $125,000.

V.

The lower court erred when it failed to consider an opinion of value based in whole or even in part on hearsay.

VI.

The lower court erred when it found that Newport Harbor failed to meet its burden and submit competent credible evidence as to the valuation of the subject property.

{¶6}  In NHA's first, second, third, fifth, and sixth assignments of error it argues

that the court erred by not considering NHA's evidence regarding the value of Newport Harbor credible. Specifically, NHA put forth the testimony of Dr. Kenneth Spano ("Spano"), who owns one of Newport Harbor's docks and is NHA's president, and a list he prepared titled in part "documentary evidence of recent dock sales."

{¶7} A property owner requesting a reduced tax valuation bears the burden of proving "that the property's value is different from that determined by the board of revision * * *." *Cincinnati v. Hamilton Cty. Bd. of Revision*, 69 Ohio St.3d 301, 303, 631 N.E.2d 1038 (1994). If the property owner meets this burden, it then shifts to the Board to rebut the evidence. *Id.*

{¶8} The Board's decision may be appealed to the court of common pleas pursuant to R.C. 5707.05. The court conducts a de novo review "on the record and the evidence thus submitted, or it may hear and consider additional evidence." *Id.* The court of common pleas should "determine the taxable value through its independent judgment." *Black v. Bd. of Revision*, 16 Ohio St.3d 11, 14, 475 N.E.2d 1264 (1985).

{¶9} The common pleas court judgment may be appealed to an appellate court under the following standard of review:

> The independent judgment of the trial court should not be disturbed absent a showing of abuse of discretion. Specifically, an appeals court should not question the trial court's judgment, unless such determination is unreasonable, arbitrary, or unconscionable.

*Id.*

{¶10} Pursuant to R.C. 5713.03, if property

has been the subject of an arm's length sale between a willing seller and a

willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor shall consider the sale price of such tract, lot, or parcel to be the true value for taxation purposes." An arm's length sale "is voluntary, i.e., without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest."

*Walters v. Knox Cty. Bd. of Revision*, 47 Ohio St.3d 23, 25, 546 N.E.2d 932 (1989).

{¶11} If this information is not available, an appraisal becomes necessary "to determine the amount which such property should bring if sold on the open market." *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals*, 175 Ohio St. 410, 412, 195 N.E.2d 908 (1964). Furthermore, a property owner is "competent to testify as to the market value of the property." *Smith v. Padgett*, 32 Ohio St.3d 344, 347, 513 N.E.2d 737 (1987). The trier of fact may weigh this testimony accordingly. *Id.* at 348. Furthermore, although the Rules of Evidence do not strictly apply in administrative proceedings, "an administrative agency should not act upon evidence which is not admissible, competent, or probative of the facts which it is to determine." *Haley v. Ohio State Dental Bd.*, 7 Ohio App.3d 1, 6, 453 N.E.2d 1262 (2d Dist. 1982).

{¶12} At the March 2, 2011 hearing before the Board, Spano testified that the 54 percent reduction in value NHA requested was "based on the sum value of its individual docks, [which] has, in fact dramatically declined * * *." To support this argument, Spano relied on a document he prepared, in which he compiled the sales price of 21 Newport Harbor docks from May 2006 through February 2011 into a list.

{¶13} Spano testified that in 2005, NHA successfully challenged the tax year 2003 valuation of Newport Harbor using as evidence an appraisal that was prepared on

behalf of NHA. Spano allegedly used a similar methodology found in the 2005 appraisal to arrive at the list he compiled for the case at hand. The Board questioned Spano as to why the sale prices were "all over the place." For example, a 46' dock sold for $2,500 in May 2009, and one month later a different 46' dock sold for $25,000. Two docks sold for $0, and four docks were transferred to the same party for $500, $500, $3,200, and $800 respectively. In explaining this "trend," Spano testified that the sales "represent people who just want out, they want to get rid of their dock and they can't so they say I'll take anything, and so some people offer nothing."

{¶14} At the Board hearing, NHA also presented the testimony of an appraiser who determined that Newport Harbor could not be appraised, because it is "one-of-a-kind property." The appraiser questioned the methodology used in the 2005 appraisal and testified that Spano's approach of computing the value of the property based on individual dock sales was Spano's opinion, rather than an appraisal. After considering NHA's evidence, the Board found "no change in value on [Newport Harbor] for the tax year 2009."

{¶15} NHA appealed and, at the common pleas court hearing, submitted a copy of the 2005 appraisal of Newport Harbor. This appraisal was not used substantively; rather, it was admitted into evidence

> to determine * * * whether * * * in 2005 the [Board] * * * relied upon the historical dock-sales approach * * * urged by [NHA] to decrease the 2003 taxable value of the property so as to give that approach * * * credence, particularly given [the appraiser's] testimony before the [Board] that the property could not be appraised.

**{¶16}** Spano again testified that he used the same methodology as the 2005 appraisal to present the 21 dock sales in his 2011 report. Spano testified that he gathered information regarding the docks' selling prices by asking the buyers and sellers. He also testified that Land Title Agency kept records of the sales, and that in the past, buyers and/or sellers have provided affidavits or cancelled checks to NHA regarding dock transfers. However, none of these alleged documents were submitted into evidence. Spano also testified that NHA is "not in the business of buying and selling docks." Spano testified that he is a retired surgeon, and he does not have an appraisal license nor has he taken any appraisal classes.

**{¶17}** In its March 12, 2012 opinion, the court found that it was not required to accept Spano's testimony and "documentary evidence of recent dock sales" as the true value of the property for the following reasons.

**{¶18}** The evidence Newport presented was inconsistent. The appraiser who testified at the Board hearing believed that the property could not be appraised. However, at the common pleas court hearing, Newport introduced evidence of an old appraisal of the property. The appraiser who authored this 2005 appraisal did not testify in the case at hand, and the record from the 2005 Board hearing was not presented. Thus, it was unclear how the appraiser gathered the sales prices, particularly given that there are no official records of Newport Harbor docks sales.

**{¶19}** Furthermore, the appraiser who testified at the 2011 Board hearing determined that the dock sales information was Spano's opinion and could be considered

as a guideline, but it was not an appraisal. Spano testified that, as president of NHA, he consented to all dock sales. However, this consent was focused mainly on assuring that the buyer was a member of the Shoreby Club and did not include approving the sale price. Therefore, Spano's role as "custodian of all official records" did not apply to the sale price of the docks.

{¶20} The court ruled that Spano's testimony "relating to the key issues of the dock sales and whether or not they were arm's length transactions was based upon hearsay." Spano was competent to testify as to his opinion of the value of the dock he owned. However, Spano does not own the docks that he testified about and included in his report; therefore, the owner-opinion rule does not apply to the instant case. Furthermore, although Spano is clearly knowledgeable about NHA's operations, he is not an appraiser.

{¶21} Additionally, NHA's exhibit contained no evidence of arm's length sales. In fact, Spano testified that many of the "nominal" sales in his list were not conducted at arm's length in an open market, because the sellers "wanted out." This is not the type of sale the auditor may consider as "the true value for taxation purposes" under R.C. 5713.03. *See Cummins Prop. Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 526, 2008-Ohio-1473, 885 N.E.2d 222 ("[t]he initial burden on a party presenting evidence of a sale is not a heavy one, where the sale on its face appears to be recent and at arm's length").

{¶22} Accordingly, we cannot say that the court abused its discretion by

determining that Spano's testimony and NHA's documentary evidence lacked credibility. NHA's first, second, third, fifth, and sixth assignments of error are overruled.

**{¶23}** We turn to whether the court erred by failing to acknowledge that the parties stipulated to a $125,000 value of Newport Harbor's building.

**{¶24}** Upon review, we find no official stipulation in the record. Spano testified that the "insurance value" of the building was $125,000. A commercial appraiser analyst for the Board testified at the common pleas court hearing that he appraised Newport Harbor for tax year 2009. In his opinion, $125,000 was a reasonable value for the building, and the land and improvements had a $4,944,366 value, for a total tax value of $5,069,366. However, the court found that because NHA "did not meet * * * its burden of providing evidence supporting a change in valuation, there is no need for this Court to consider * * * the testimony and report of [the Board's appraiser]."

**{¶25}** We cannot say that the court abused its discretion by determining that NHA's evidence "does not contain the necessary indicia of reliability which would allow or require this court to consider it * * *." Accordingly, NHA's fourth assignment of error is overruled.

**{¶26}** Judgment affirmed.

It is ordered that appellees recover from appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

JAMES J. SWEENEY, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
EILEEN A. GALLAGHER, J., CONCUR