[Cite as *NDHMD, Inc. v. Cuyahoga Cty. Bd. of Revision*, 2015-Ohio-174.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 101207 and 101300**

**NDHMD, INC.**

PLAINTIFF-APPELLEE

vs.

**CUYAHOGA COUNTY BD. OF REVISION, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-807630

**BEFORE:** McCormack, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 22, 2015

**FOR APPELLANTS**

**Attorney for Cleveland Metropolitan School District**

James H. Hewitt, III
Hewitt Law, L.L.C.
3043 Superior Ave., 1st Floor
Cleveland, OH 441114

**Attorneys for Cuyahoga County Board of Revision, et al.**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mark R. Greenfield
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113


**FOR APPELLEE**

**Attorney for NDHMD, Inc.**

John P. Malone, Jr.
Malone Law L.L.C.
614 W. Superior Ave.
Suite 1150
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1}   This is an appeal from a judgment of the Cuyahoga County Court of Common Pleas regarding the value for ad valorem tax purposes of a dilapidated property in Cleveland. The property was sold at an auditor's auction of surplus forfeited land for $1,500.   The court determined the sale price to be the value of the property.

{¶2} There are two questions to be resolved in this appeal:   first, whether the instant valuation complaint is barred by R.C. 5715.19(A)(2), which prohibits a second filing absent one of the four enumerated exceptions; and second, whether the   sale price was evidence of the property's fair market value.   Both questions turn on whether the auction sale was an arm's-length transaction.   The trial court found it was.   After a review of the record and pertinent law, we agree.   Consequently, we affirm the trial court's judgment.

## Substantive Facts and Procedural History

{¶3}   The owner of a commercial building located at 7275 Wentworth Avenue, Cleveland, failed to pay property taxes.   In April 2008, Cuyahoga County began tax foreclosure proceedings.   The foreclosure was granted, and the property was offered for sale at a judicial auction on May 4, 2009.   The property did not sell.   It was offered for sale at another judicial auction on May 18, 2009.   The property again failed to sell.   An order of forfeiture was then entered on June 19, 2009.   Three days later, the property was transferred to the state of Ohio.

{¶4} On March 24, 2010, the property was offered for sale at public auction held by the county auditor.   George Dietrich, an agent of NDHMD, was one of the three bidders.   He submitted the winning bid of $1,500 and tendered the full sale price on March 30, 2010.

## Complaint for Tax Year 2009

**{¶5}** The next day, on March 31, 2010, NDHMD filed a valuation complaint before the Cuyahoga County Board of Revision ("Board of Revision") seeking a decrease in the property's valuation for tax year 2009. The Board of Revision conducted a hearing on April 25, 2011. At the hearing, the Cleveland Metropolitan School District Board of Education (the "School Board") opposed any decrease in valuation, arguing the auction sale was not an arm's length transaction. The School Board argued the value of the property should remain at its current value of $963,300. After hearing, the Board of Revision issued a decision, reducing the property's value to $444,720.

**{¶6}** NDHMD appealed the decision of the Board of Revision to the common pleas court. The common pleas court upheld the decision. NDHMD then appealed to this court. This court reversed the trial court, on the ground that the jurisdiction of the Board of Revision was never properly invoked. We noted the valuation complaint was filed on March 31, 2010, more than two weeks before the deed of the property was executed and title transferred to NDHMD on April 16, 2010. Because NDHMD was not the legal owner of the property when it filed the complaint, the Board of Revision did not have jurisdiction to entertain its valuation complaint. *NDHMD v. Cuyahoga Cty. Bd. of Revision,* 8th Dist. Cuyahoga No. 98004, 2012-Ohio-5508.

### Complaint for Tax Year 2011

**{¶7}** NDHMD filed the instant complaint, again seeking a reduction of the property's valuation to $1,500, for tax year 2011. The Board of Revision held a hearing on March 22, 2013. The property's owner George Dietrich testified at the hearing.

**{¶8}** Dietrich testified he learned about the public auction held by the county auditor in an advertisement in the Plain Dealer. The property had been abandoned for seven years and

was in shambles. All the windows and doors had been broken or removed. There was no electrical wiring in the building. The roof had significant leaking due to a fire set on the roof by the vandals.

{¶9} The bidding started at $300 at the auction and there were at least three bidders. Dietrich placed the highest bid of $1,500 and purchased the property. He was in the business of recycling used light bulbs and other wastes, and he purchased the warehouse to store these wastes. He testified that significant repairs were necessary for the building.

{¶10} The School Board stipulated to the dilapidated condition of the building. It did not present any evidence of its own.

{¶11} After the hearing, the Board of Revision issued a decision, making no change in the value of the property. NDHMD appealed that decision to the common pleas court. The trial court reversed the Board of Revision, finding the auction sale to be an arm's length transaction and the sale price of $1,500 to be the property's value for tax purposes. The trial court reasoned that the county was under no compulsion to sell the property and the buyer and seller were both willing parties. As such, the sale was at arm's length and the sale price of $1,500 was evidence of the property's actual value. Consequently, the trial court set aside the auditor's value and determined the value of the property to be the sale price of $1,500.

{¶12} The Board of Revision and the School Board (referred to as "appellants" hereafter) now appeal.[1] They raise four assignments of error, which state:

I. Since Appellee's tax year 2011 tax valuation complaint was an impermissible second filing within a single triennium, and therefore a tax complaint over which

---

[1] The School Board appealed from the trial court's judgment in *NDHMD, Inc. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 101207. The Board of Revision and the county fiscal officer filed a separate appeal in *NDHMD, Inc. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Cuyahoga No. 101300. We sua sponte consolidated the two appeals for purposes of briefing and disposition.

the Cuyahoga County Board of Revision ("BOR") had no jurisdiction pursuant to R.C. § 5715.19, the Trial Court committed error by not dismissing the Appellee's appeal from the BOR's determination of value and remanding it to the BOR with instructions to dismiss it.

II. The Trial Court erred in even considering the Appellee's tax year 2011 tax valuation complaint because R.C. § 5715.19 (A)(2) expressly requires that the circumstance alleged to be the basis for permission to file a second tax complaint to have been a circumstance "not taken into consideration with respect to the prior complaint," and because the Auditor's Forfeited Land Sale was taken into consideration with respect to the Appellee's first tax complaint, the same sale cannot be the proper basis for the filing of a second tax complaint.

III. The Trial Court erred in determining that the Appellee's first tax complaint was a nullity, and that as a result the BOR never considered whether or not the Auditor's Forfeited Land Sale was an arm's length transaction.

IV. The Trial Court erred in determining that an Auditor's Forfeited Land Sale constitutes evidence of taxable value pursuant to R.C. § 5713.03.

## **Standard of Review**

{¶13} A decision of a county board of revision can be appealed to the court of common pleas pursuant to R.C. 5717.05, or appealed to the Ohio Board of Tax Appeals pursuant to R.C. 5717.01. When, as here, the decision of the board of revision is appealed to the common pleas court, the common pleas court is to independently weigh and evaluate all proper evidence and make an independent determination of the valuation of the property. *Black v. Bd. of Revision*, 16 Ohio St.3d 11, 13, 475 N.E.2d 1264 (1985); *Mansbery v. Cuyahoga Cty. Fiscal Officer*, 8th Dist. Cuyahoga No. 98156, 2013-Ohio-932, ¶ 7; *Lockhart Dev. Co. v. Summit Cty. Bd. of Revision*, 9th Dist. Summit No. 25728, 2011-Ohio-5000, ¶ 8. The common pleas court's judgment may then be appealed to an appellate court, which reviews the trial court's independent judgment for an abuse of discretion. *Newport Harbor Assn. v. Cuyahoga Cty. Bd. of Revision*,

8th Dist. Cuyahoga No. 98193, 2012-Ohio-5291, ¶ 9; *Tall Pines Holdings, Ltd. v. Testa*, 10th Dist. Franklin No. 04AP-372, 2005-Ohio-2963, ¶ 19.

{¶14} The present appeal involves more than the issue of the property's valuation. Because of the prior filing for tax year 2009, the threshold issue in this appeal is whether NDHMD's 2011 complaint was permitted under R.C. 5715.19(A)(2), which bars a second complaint within an interim period. As the question involves jurisdictional prerequisites to a board of revision's review of the auditor's valuation, it is a question of law. *Akron Ctr. Plaza, L.L.P. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10 (determining an element of the jurisdictional sufficiency of a valuation complaint presents an issue of law on appeal). When a question presented on appeal is a question of law, the appellate court's review of the trial court's decision on a tax appeal is not deferential, but de novo. *Id.*, citing *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8.

### Whether the Instant Complaint Is Barred by R.C. 5715.19(A)(2)

{¶15} The instant complaint is for tax year 2011, which is in the same interim period (2009-2011) as the first complaint. R.C. 5715.19(A)(2) does not permit a person to file a second valuation complaint in the same interim period unless one of the four enumerated exceptions is satisfied. R.C. 5715.19(A)(2) states:

> No person, board, or officer shall file a complaint against the valuation or assessment of any parcel that appears on the tax list if it filed a complaint against the valuation or assessment of that parcel for any prior tax year in the same interim period, unless the person, board, or officer alleges that the valuation or assessment should be changed due to one or more of the following circumstances that occurred after the tax lien date for the tax year for which the prior complaint was filed and that the circumstances were not taken into consideration with respect to the prior complaint:

> (a) *The property was sold in an arm's length transaction*, as described in section 5713.03 of the Revised Code;

> (b) The property lost value due to some casualty;

(c) Substantial improvement was added to the property;

(d) An increase or decrease of at least fifteen per cent in the property's occupancy has had a substantial economic impact on the property.

(Emphasis added.)

**{¶16}** Under the statute, a second complaint within an interim period is not permitted unless the complainant alleges and establishes one of the four enumerated circumstances. *Developers Diversified v. Cuyahoga Cty. Bd. of Revision*, 84 Ohio St.3d 32, 35, 701 N.E.2d 975 (1998). The requirement is intended to reduce the number of filings, while still allowing new tax valuations in interim years in certain limited circumstances. *Dublin City School Dist. v. Franklin Cty. Bd. of Revision*, 79 Ohio App.3d 781, 784, 607 N.E.2d 1170 (10th Dist.1992). Full compliance with R.C. 5715.19 is necessary before a county board of revision is empowered to act on the merits of a claim. *Developers Diversified* at 35.

**{¶17}** In the prior appeal concerning NDHMD's tax year 2009 complaint, this court held that because NDHMD was not the legal owner of the property at the time it filed the valuation complaint, it did not have standing to bring the complaint and therefore the BOR did not have jurisdiction to entertain NDHMD's complaint. The initial question in this appeal is then whether the 2009 complaint, brought without standing, constituted a prior "filing" for purposes of R.C. 5715.19(A)(2).

**{¶18}** We find guidance in *Elkem Metals Co., Ltd. Partnership v. Washington Cty. Bd. of Revision*, 81 Ohio St.3d 683, 693 N.E.2d 276 (1998). In that case, a property owner filed a valuation complaint but did not state the amount of decrease sought nor alleged any basis for claiming a reduction, as required by R.C. 5715.13. Because the board of revision's jurisdiction

was not properly invoked, the complaint was dismissed. The property owner filed a second complaint within the same interim period, without alleging any of the enumerated exceptions.

{¶19} The question for the Supreme Court of Ohio to resolve in *Elkem* was whether the first complaint should be deemed "filed" for purposes of R.C. 5715.19(A)(2). If it was deemed "filed," then the second complaint brought within the same triennium must allege and establish one of the four exceptions. The Supreme Court of Ohio held that the prior complaint constituted a "filing," for purposes of R.C. 5715.19(A)(2), even though the complaint was ultimately dismissed on jurisdictional grounds. As the court explained, there was no wording in R.C. 5715.19(A)(2) to allow a second complaint in the same triennium where the first complaint is dismissed for jurisdictional reasons. *Id.* at 687-688.

{¶20} *Elkem* therefore stands for the proposition that when the jurisdictional requirements are not met in a prior complaint, the prior complaint would nonetheless be considered "filed" for purposes of R.C. 5715.19(A)(2), and one of the four exceptions must be established for a subsequent complaint.

{¶21} The holding of *Elkem* applies in this case. *Elkem* involved a failure of a prior complaint to properly invoke the board of revision's jurisdiction in not alleging the amount or basis of a reduction sought. The present case involves a lack of standing to bring the prior complaint. Because standing is jurisdictional in administrative appeals, *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 25, both cases concern a dismissal of a prior complaint on

jurisdictional grounds. Applying *Elkem*, therefore, NDHMD's 2009 constituted a prior "filing" for purposes of R.C. R.C. 5715.19(A)(2).[2]

{¶22} Consequently, NDHMD must allege and establish one of the four enumerated exceptions and must show the exception had not been taken into account regarding the prior complaint, in order to be permitted to file the 2011 complaint. A review of NDHMD's tax year 2011 complaint shows that NDHMD acknowledged that it had filed a prior complaint but alleged an arm's length sale of the property as a basis for the second filing.

{¶23} Because it is the complainant's burden to show it meets the requirement of R.C. 5715.19(A)(2), in order for the tax year 2011 complaint to be a valid filing, NDHMD must establish the arm's length nature of the auction sale.[3]

---

[2]Appellants cite a Ninth District case, *Colvin v. Summit Cty. Bd. of Revision*, 9th Dist. Summit No. 26329, 2012-Ohio-5394, claiming the case stands for the proposition that a second complaint is barred within a triennium (unless one of the exceptions is alleged and established) when the prior complaint is brought by one without standing. Although we reach the conclusion that NDHMD's second complaint must allege one of the exceptions, we note that *Colvin* is not pertinent here.

In that case, the property owner filed a second complaint within the triennium without alleging an exception. He argued he did not own the property in the prior tax year and therefore he did not have standing to bring the first complaint; he claimed, therefore, the second complaint was not barred. The Ninth District rejected the claim. The court first pointed out the property owner cited no authority to support his claim. The court then reasoned that, even assuming for the sake of argument that a complaint brought by a person lacking standing did not operate as a bar under R.C. 5715.19(A)(2), the complainant had not pointed to any evidence in the record to show he did not have standing to file the first complaint. *Colvin* does not stand for the proposition as appellants claim. In any event, it is inapplicable here because, where the record in *Colvin* did not support a lack of standing in the first complaint, in the instant case this court held in the prior appeal that NDHMD did *not* have standing to bring the first complaint.

[3]The Board of Revision filed a motion to dismiss the tax year 2011 complaint on the ground that the auction sale was not at arm's length. The trial court denied the motion.

## Arm's-Length Transaction

**{¶24}** The Supreme Court defined an arm's length sale as: "voluntary, i.e., without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest." *Walters v. Knox Cty. Bd. of Revision*, 47 Ohio St.3d 23, 25, 546 N.E.2d 932 (1989). An arm's-length sale is one that "encompasses bidding and negotiation in the open market between a ready, willing and able buyer, and a ready, willing and able seller, both being mentally competent, and neither acting under coercion." *Id.*

**{¶25}** A sale is considered at arm's length if buyer and seller are "typically motivated market participants." *Cincinnati Schools Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 127 Ohio St.3d 63, 2010-Ohio-4907, 936 N.E.2d 489, ¶ 22, citing *AEI Net Lease Income & Growth Fund v. Erie Cty. Bd. of Revision,* 119 Ohio St.3d 563, 2008-Ohio-5203, 895 N.E.2d 830, ¶ 25. A "typically motivated" transaction is one in which the buyer and seller are "pursuing their own financial interests." *Hilliard City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 1, 2014-Ohio-853, 9 N.E.3d 920, citing *AEI* at ¶ 25. An example of a seller who is not "typically motivated" is one in a foreclosure sale that usually "occurs under the compulsion that the property be liquidated for the benefit of creditors." *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, Slip Opinion No. 2014-Ohio-4723, ¶ 36, citing *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 127 Ohio St.3d 63, 2010-Ohio-4907, 936 N.E.2d 489, ¶ 3.

## Whether the Subject Public Auction was Arm's Length; R.C. 5713.04

**{¶26}** The instant case involves a county auditor's public auction of forfeited surplus land authorized under R.C. 5723.06. Although R.C. 5713.04 states that the price for which property

would sell "at auction or forced sale" shall not be taken as the criterion of its value, the courts have recognized an auction may be at arm's length under appropriate circumstances.

{¶27} In a recent decision, *Olentangy Local Schools Bd. of Edn., supra*, the Supreme Court of Ohio interpreted R.C. 5713.04 and provided guidance regarding the issue presented in the present appeal. After clarifying that R.C. 5713.04 applies to both involuntary and voluntary auction, the court held that R.C. 5713.04 requires the taxing authorities to presume that an auction sale price is not a voluntary, arm's-length transaction. The presumption, however, may be rebutted by evidence that a particular sale was in fact voluntary and did occur at arm's length. *Id.* at ¶ 2.

{¶28} The Supreme Court of Ohio explained that even in the cases of a foreclosure sale, which is, by definition, involuntary, it is possible to introduce rebutting evidence to show that a particular foreclosure sale is voluntary. *Id*. at ¶ 37. The court explained that in cases involving auction sales, there are even more reasons than foreclosure cases to allow the parties to introduce evidence to show that a sale was voluntary and at arm's length. *Id.* at ¶ 39. The court explained that the circumstances of auctions vary greatly, increasing the likelihood that a particular transaction may satisfy the criteria for an arm's-length sale. *Id*. The court cited instances where the Board of Tax Appeals recognized an auction sale as an arm's-length transaction. *Id.*, citing *Concept Invest. Group*, BTA No. 2005-T-1267, 2006 Ohio Tax LEXIS 1482 (Nov. 17, 2006) (the public auction sale was arm's length because the purchaser did not act under duress); *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, BTA No. 2007-A-1196, 2009 Ohio Tax LEXIS 1140 (because the public sale was carried out voluntarily by the seller, the pubic auction contained the elements of an arm's-length transaction).

**{¶29}** The Supreme Court of Ohio reiterated in *Olentangy* the factors relevant to deciding whether a transaction was at arm's length: (1) whether the sale was voluntary, i.e., without compulsion or duress, (2) whether the sale took place in an open market, and (3) whether the buyer and seller acted in their own self interest. *Id.* at ¶ 47, citing *Walters*, 47 Ohio St.3d at 25, 546 N.E.2d 932. Applying these factors, the court in *Olentangy* concluded the auction sale in that case was a voluntary arm's-length transaction.

**{¶30}** Here, the record reflects that the dilapidated, long-abandoned building was transferred to the state after it failed to sell at two judicial auctions. The instant auction, the third attempt to dispose of the property, was a public auction of surplus land held by the state. The auction was advertised in the newspaper. There were multiple bidders. The property was sold to the highest bidder. Because the state owed the property at the time of the auction, no taxes were due and the state was under no compulsion to sell the property to satisfy delinquent taxes.

**{¶31}** The record therefore contains evidence showing that the property was sold in an open market, and the buyer and seller acted in their own self interest without compulsion or duress. All the elements of an arm's-length sale appeared to be present. Indeed, this is what the trial court found.

**{¶32}** Although we review de novo the jurisdictional question — whether the tax year 2011 complaint was permitted under R.C. 5715.19(A)(2) — we defer to the trial court for its finding that the instant auction sale was voluntary and it occurred at arm's length. NDHMD presented sufficient evidence to rebut the presumption that the auction was involuntary and therefore met the burden of establishing one of the exceptions enumerated under R.C. 5715.19(A)(2). Its 2011 complaint was proper under the statute.

**{¶33}** Appellants argue that the issue of whether the auction sale was an arm's-length transaction was already taken into consideration in the proceeding for the 2009 complaint; they argue, therefore, pursuant to R.C. 5715.19, NDHMD did not satisfy the statute, even if the transaction was at arm's length. This claim is without merit. As we decided in the first appeal, the jurisdiction of the Board of Revision was never properly invoked to entertain the 2009 complaint, therefore, the Board of Revision could not have "considered" the arm's-length sale.

**{¶34}** Based on the foregoing analysis, we overrule the first, second, and third assignments of error.

## Arm's-Length Sale as Best Evidence of Value

**{¶35}** Pursuant to R.C. 5713.03, if a property has been the subject of an arm's-length sale between a willing seller and a willing buyer within a reasonable length of time, either before or after the tax lien date, the auditor "shall" consider the sale price to be the true value for taxation purposes.[4] The Supreme of Court of Ohio consistently held that when determining value, the best evidence of value is an actual, recent sale of the property in an arm's-length transaction. *Health Care Reit, Inc. v. Cuyahoga Cty. Bd. of Revision*, 140 Ohio St.3d 30, 2014-Ohio-2574, 14 N.E.3d 1009, ¶ 21; *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 269, 2005-Ohio-4979, 834 N.E.2d 782; *Conalco, Inc. v. Monroe Cty. Bd. of Revision*, 50 Ohio St.2d 129, 363 N.E.2d 722 (1977), paragraph one of the syllabus. A party can rebut this presumption of value only by "challenging whether the elements of recency and arm's-length character between a willing seller and a willing buyer are genuinely present for that particular

---

[4]We note that, effective September 10, 2012, the General Assembly amended R.C. 5713.03 and changed the word "shall" to "may." 2012 Am.Sub.H.B. No. 487. The change is impertinent in this case because the courts apply the substantive tax law that was in effect during the tax year at issue, in this case 2011. *See Sapina v. Cuyahoga Cty. Bd. of Revision,* 136 Ohio St.3d 188, 2013-Ohio-3028, 992 N.E.2d 1117, ¶ 20.

sale." *Cummins Property Servs., L.L.P. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 13.

{¶36} In this case, the trial court independently determined, as it should, the valuation of the property based on the price it was sold for at the public auction held after the property failed to sell at two judicial auctions. It is noteworthy that the county, without duress, sold the property to NDHMD for $1,500 but claims the property had the value of $963,300 for tax purposes. The county's valuation is severely undermined by its own voluntary acceptance of $1,500 for the property in the open market. The trial court recognized it. Our review of the trial court's decision regarding the value is for an abuse of discretion. Based on the record, we do not find the trial court's judgment to be unreasonable, arbitrary, or unconscionable. The fourth assignment of error lacks merit.

{¶37} The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR